IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICKY LEE THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DURASTANTI, et al., )<br>)<br>Defendants. )<br>_____ ) | **CIVIL ACTION**<br><br>No. 06-1224-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiff's Fed. R. Civ. P. 56(f) affidavit for discovery. (Doc. 57, exh. 9). The court conducted a hearing on June 25 regarding this matter. For reasons herein, plaintiff's motion for discovery limited to the qualified immunity issue is granted.

Analysis

Government officials performing discretionary duties are afforded qualified immunity shielding them from civil damage liability. See Anderson v. Creighton, 483 U.S. 635, 638 (1987). Qualified immunity protects these officials unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. See Wilson v. Layne, 526 U.S. 603, 609 (1999); Baptiste v. J.C. Penney Co., Inc., 147 F.3d 1252, 1255 (10th Cir. 1998). The defense not only provides immunity from monetary liability, but perhaps more importantly, from suit as well. See Horstkoetter v. Dept. of Public Safety, 159 F.3d 1265, 1277 (10th Cir. 1998).

While government officials are immune from suit, the Supreme

Court has stated that qualified immunity only protects government officials from broad reaching discovery. <u>Crawford-El v. Britton</u>, 523 U.S. 574, 594 n.14, 118 S. Ct. 1584, 140 L. Ed.2d 759 (1998). Discovery may be necessary before a motion for summary judgment on qualified immunity can be resolved, but the discovery should be narrowly tailored. <u>Anderson v. Creighton</u>, 483 U.S. 635, 646 n.6, 107 S. Ct. 3034, 97 L. Ed.2d 523 (1987). The discovery should be limited to resolving the narrow issue of qualified immunity. <u>Lewis v. City of Fort Collins</u>, 903 F.2d 752, 754 (10th Cir. 1990).

Accordingly, given the facts in this case, the court finds that plaintiff is entitled to limited discovery in order to appropriately respond to defendants' motion for summary judgment. Plaintiff may depose all three defendants. Plaintiff's depositions of Agents Durastanti and Thompson are limited to two hours each. Plaintiff's deposition of Thomas Spencer is limited to one hour. Plaintiff may also depose the following witnesses: Andrea Boyer, Marsha Farr, Annette Tolkacz, Dudley Trott and Lisa Trott. Plaintiff's depositions of these eyewitnesses is limited to one hour. Defendants are also limited to one hour with each eyewitness.

Defendants may depose plaintiff and Keith Jones. Defendants are limited to two hours with these witnesses. Plaintiff's request for Fed. R. Civ. P. 30(b)(6) depositions is denied. The time limits set forth in this order may be extended only by mutual agreement of the parties.

All depositions must be completed and transcribed by August 17, 2007. Defendants may <u>supplement</u> their motion for summary judgment by August 31. Plaintiff may <u>supplement</u> his response by September 14.

-2-

No reply shall be filed.

      IT IS SO ORDERED.

      Dated this __25th__ day of June 2007, at Wichita, Kansas.

                                      s/ Monti Belot
                                      Monti L. Belot
                                      UNITED STATES DISTRICT JUDGE